**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lindell Brown,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden Susan G. McClintock,<br><br>　　　　Respondent. | No. CV-12-0763-TUC-DTF<br><br>**ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Lindell Brown, while confined in the Federal Correctional Institution in Safford, AZ, alleges that the Bureau of Prisons (BOP) failed to credit his federal sentence with 41 months of time served. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 8), and a Reply (Doc. 16). After review of the filings and record, the Court finds Petitioner is not entitled to relief.

## **Background**

Brown was arrested on June 11, 2005, by Michigan state authorities. After entering a guilty plea for delivery/manufacturing of a controlled substance, on November 18, 2005, Brown was sentenced to 9 years and 6 months to 20 years, with 159 days credit for time served. (Doc. 8, Ex. 1, Attach. 2.) On March 13, 2008, the United States District Court for the Western District of Michigan issued a writ to the state authorities to turn Brown over to the U.S. Marshal to appear in federal court. (*Id.*, Attach. 3.) The writ provided that Brown would be returned to the warden at his state facility at the conclusion of his federal case. (*Id.*) After pleading guilty

in federal court to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, Brown was sentenced on November 17, 2008, to 204 months federal imprisonment to run concurrently with his state sentence.[1] (*Id.*, Attach. 4.) His sentence subsequently was amended to 180 months, still to run concurrently. (*Id.*, Attach. 7.) On November 18, Brown was returned to state custody, and the U.S. Marshal issued a detainer against him to assume custody of him at the conclusion of his state incarceration. (Doc. 1 at 31.) On November 9, 2010, Brown was paroled from state custody and began serving his sentence in federal custody. (Doc. 8, Ex. 1, Attach. 6 at 2.) On December 8, 2010, the BOP Designation and Sentence Computation Center notified the U.S. Marshal that it had designated the Michigan Department of Corrections as the location for Brown to serve his federal sentence that had begun on November 14, 2008. (Doc. 8, Ex. 1, Attach. 5.)

BOP has calculated Brown's federal prison term to begin on the date of his sentencing, November 14, 2008, without credit for the time served from June 11, 2005 to November 13, 2008. (Doc. 8, Ex. 1, ¶¶ 10, 11.) Based on that premise, Brown is projected to be released on December 8, 2021, via good conduct time credit. (*Id.*, ¶ 10.)

## **Analysis**

The premise of both of Brown's claims is his contention that he should have been given credit for the 41 months he spent in state custody prior to his federal sentence, from June 11, 2005, to November 14, 2008. Brown argues that (1) BOP acted arbitrarily and capriciously regarding his request for 41 months credit of time served and (2) BOP should have granted him the 41 months credit. Respondent acknowledges that Brown administratively exhausted the claims he now presents to this Court. (Doc. 8 at 4.)

By statute, Petitioner's federal sentence commenced on the date he was received into

---

[1] According to Petitioner, at sentencing the judge stated, "this Court believes that a sentence that takes into account all these characteristics would be a sentence of 204 months in the custody of the Bureau of Prisons, that it be served concurrent with and that credit be given for time served on Docket No. 05-07434 in the Third Circuit Court of Michigan and for time awaiting sentencing in this matter." (Doc. 1 at 11.) This Court does not have the sentencing transcript but takes Petitioner's assertion to be true.

- 2 -

custody at the facility at which his detention was to be served. 18 U.S.C. § 3585(a). Because BOP designated the Michigan Department of Corrections as the facility at which Brown's detention was to be served, his federal sentence commenced on November 14, 2008, the day he was sentenced, rather than on November 9, 2010, when he was transferred to federal custody. (Doc. 8, Ex. 1, Attach. 5.) BOP had the authority to designate Brown's place of imprisonment based on 18 U.S.C. § 3621(b). BOP's designation complied with the statute in that it was based on the federal sentencing judge's order that Brown's sentence run concurrently with the previously imposed state sentence. (Doc. 8, Ex. 1, Attach. 5.)

Brown contends he should receive credit for time served before imposition of his sentence as well. This is prohibited by a governing statute:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Here, the time for which Petitioner is seeking credit, June 11, 2005 to November 13, 2008, was credited toward or spent in service of his state sentence. (Doc. 8, Ex. 1, ¶ 10.) The Supreme Court holds that § 3585 precludes double credit for detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

The Attorney General, through BOP, is responsible for administering inmate sentences and computation of credit pursuant to § 3585(b), which cannot be done by the court at the time of sentencing. *Wilson*, 503 U.S. at 334, 336. Brown argues that BOP acted arbitrarily and capriciously in not contacting the sentencing court when Petitioner requested nunc pro tunc designation for time spent in state custody. Petitioner relies upon BOP Program Statement 5160.05 (PS 5160.05), which covers BOP policy for concurrent service of federal and state sentences.[2] It provides, first, that concurrent service of state and federal sentences occurs when

---

[2] A Program Statement is an internal, interpretive rule promulgated by BOP. *See Muniz v. Sabol*, 517 F.3d 29, 39-40 (1st Cir. 2008). Program Statement 5160.05 is available at http://www.bop.gov/policy/progstat/5160_005.pdf (last viewed 11/1/2013).

BOP designates the state institution for service of the federal sentence. PS 5160.05, ¶ 9.a. It next states that BOP normally takes this action because it is consistent with the sentencing court's intent, which is evidenced in various ways, including by court order designating the sentences concurrent or inmate request. *Id.*, ¶ 9.b. BOP must consider an inmate request for concurrent service and it will send a letter to the sentencing judge inquiring if there is an objection, but only if it is determined that "designation for concurrent service may be appropriate." *Id.* ¶ 9.b(4)(c) & (e).

Here, based on the Court's order, BOP had determined that designation for concurrent service was appropriate for Brown prior to his nunc pro tunc request. Because the judge had explicitly ordered concurrent service and BOP had designated a state institution, Brown had been given full credit for the time he spent in state custody. A further letter would have been to no effect.[3]

Even if the sentencing judge intended Petitioner to receive the credit he seeks, *see supra* note 1, he did not have the power to impose such a sentence. A federal sentence cannot commence prior to its imposition, even if the judge intended it as concurrent with a sentence already being served. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Such a sentence is not "fully concurrent"; "[r]ather, the second sentence runs together with *the remainder* of the one then being served." *Shevly v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983). Because Brown received the maximum amount of concurrent sentencing time statutorily allowed, his arguments are without merit.

Brown notes there are limited exceptions in which an inmate may receive what amounts to "double credit" for time credited to another sentence, citing *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). However, he does not contend he is entitled to credit based on the narrow exceptions in these cases (Doc. 16 at 6),

---

[3] This is similar to another situation addressed by PS 5160.05, which states that if a sentencing judge has previously indicated "that its language on judgments is sufficient for designation of a state institution for service of a federal sentence, then no further letters need be written." ¶ 9.b(4)(e).

only that he should receive credit based on the sentencing judge's intent. As thoroughly discussed above, he has received the maximum credit to which he is entitled under the governing statutory law regardless of the court's intent. Additionally, according to Petitioner, the sentencing judge informed Brown that he could make a recommendation for concurrent sentences but BOP was responsible for calculating the sentence in light of all the relevant information. (Doc. 1 at 2-3.) Finally, the court's intent that Brown receive credit for time served on his state case and time awaiting federal sentencing was satisfied because Brown's state sentence was credited for all of this time. There is no basis for awarding him double credit for this time.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

DATED this 7th day of November, 2013.

D. Thomas Ferraro
United States Magistrate Judge